UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EBONIQUE JULIEN,

                       **Plaintiff,**

                 -against-

THE CITY OF NEW YORK, POLICE OFFICER
VAUGHAN H. ETTIENNE, POLICE OFFICER
MARK XYLAS, SHIELD # 11251 & LIEUTENANT
BARBARA FISCHER,

                       **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FIRST AMENDED
COMPLAINT**

Civ. No. 14cv9942 (RMB)(JLC)

**PLAINTIFF DEMANDS A
TRIAL BY JURY**

Plaintiff, by her attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants, respectfully alleges upon information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et seq.* for an incident of police misconduct, and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, which transpired on or about July 17, 2014 and thereafter, when police officers employed by the City of New York, including Defendants Police Officer Vaughan Ettienne (hereinafter "Ettienne"), Police Officer Mark Xylas, Shield # 11251 (hereinafter "Xylas"), and Lieutenant Barbara Fischer (hereinafter "Fischer") assaulted, battered, wrongfully detained and falsely arrested Plaintiff Ebonique Julien (hereinafter "Ms. Julien" or "Plaintiff") without probable cause or justification; and further maliciously prosecuted Plaintiff. All criminal charges were ultimately dismissed in Ms. Julien's favor.

2.      Ms. Julien was falsely arrested in front of her home and right in front of her family, including her two young children, aged 4 and 7.

## STATEMENT OF FACTS

3.      On or about July 17, 2014, between approximately 6:00 p.m. and 8:00 p.m., Plaintiff Ebonique Julien walked home from the corner store and noticed a moped blocking the stairs to her home at 671 Quincy Street, Brooklyn, New York, 11221.

4.      At the time, Ms. Julien's two brothers, her cousin, and a few of her relatives' friends were standing or sitting on the steps in front of her home.  The moped had not been there when she left her home five minutes before to go to the corner store.

5.      Since the moped was blocking Ms. Julien's entry into the front gate to the steps to her home, Ms. Julien placed her hand on the moped to move it from her path. As Ms. Julien placed her hand on the moped, the three plainclothes Defendant Police Officers and Lieutenant suddenly approached and demanded: "Who owns this bike?"

6.      Ms. Julien stated that she believed that the moped belonged to her brother's friend. Defendant Fischer looked at the others on the steps and demanded again who owned the scooter. When no one else replied, Defendant Fischer ordered a male Defendant Officer to "cuff her."

7.      Shocked, Ms. Julien asked, "Cuff me for what?"  Defendant Fischer stated that someone had claimed to own the moped and that it had been stolen.  Ms. Julien denied that she took the moped and asked Defendants if the alleged victim could look at her to prove that she had not taken the moped.

8.      After handcuffing Ms. Julien's hands behind her back, the male Defendants roughly jerked the handcuffs upward, and yanked Ms. Julien's arms into a painful and awkward position.

9.      By this time, Ms. Julien's 4-year-old daughter and 7-year-old son were outside of the home, and Ms. Julien's father had arrived at the scene.  Ms. Julien's family asked the Defendant

male officer why he was being so rough.

10.     In front of Ms. Julien's screaming and crying children, Defendants responded, "Shut the fuck up," invited Ms. Julien's family to come off of the stairs to fight, and invited Ms. Julien's family to perform oral sex on them.

11.     After Defendants placed Ms. Julien in the back of the police car, she overheard one male Defendant boast, "I wanted to rump [sic] with them, but I have a party to go to tonight."

12.     Suddenly, the purported female victim / owner of the moped ran toward the police car and cried, "Oh my God, that's not her!  She didn't do anything, but that is my bike."

13.     Even though the alleged victim clearly and unequivocally stated that Ms. Julien did not steal the moped, Defendants completely ignored the victim's statement and transported Ms. Julien to the 81st Precinct.  Interestingly, several days before the subject incident, the same Defendant officers stopped Ms. Julien while she sat on a motorcycle and asked to check the VIN number to confirm that the motorcycle was not stolen.  The first interaction had ended without incident.

14.     Without probable cause or any legal basis, Defendants held Ms. Julien in custody overnight, for nearly 24 hours, until she was released between approximately 4:30 and 5:00 p.m. on July 18, 2014.

15.     Defendants concocted bogus charges and arrested Ms. Julien for grand larceny and criminal possession of stolen property, and endeavored to have such charges filed against her in criminal court.  When Ms. Julien's time came to see a judge, the sole charge was disorderly conduct, the District Attorney only authorizing such charge based on the false statements of the Defendants.

16.     Ms. Julien returned to court repeatedly to contest the bogus charges, until she

learned on October 22, 2014 that all charges had been dismissed in her favor.

17.     As a result of Defendants' actions, Ms. Julien, who had no prior criminal history, felt and continues to feel shame, humiliation, and embarrassment as a result of being arrested in front of her young children, her father, her brothers, her cousin, and neighbors.

18.     As a result of Defendants' actions, Ms. Julien experienced and continues to experience sharp stabbing pain, aches, swelling, and muscle spasms in her back and left shoulder.  Approximately one year prior to the subject incident, Ms. Julien had injured the same shoulder and her back at work.  After treatment for the prior injury, Ms. Julien had experienced no symptoms until Defendants aggravated the pre-existing injury and caused Ms. Julien new and additional pain and suffering for which she is receiving medical treatment.

19.     Due to Ms. Julien's physical injuries and court appearances, she has missed several unpaid work days thus far.  Ms. Julien experienced and continues to experience physical, emotional, and psychological injuries.

## JURISDICTION AND VENUE

20.     This Court has federal question jurisdiction pursuant to 28 U.S.C § 1331 in that this action arises under 42 U.S.C. § 1983 *et seq.*, and the Fourth and Fourteenth Amendments to the United States Constitution.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

21.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in this District. Additionally, all Defendants are subject to personal jurisdiction in this District.

22.     Prior to the commencement of this action, and within ninety days after the claim

arose, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the names and post office addresses of Plaintiff and her attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

23.      Over thirty days have elapsed since the service of such Notice of Claim, and THE CITY OF NEW YORK has failed to settle or adjust this matter.

24.      This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

25.      At all relevant times, Plaintiff Ebonique Julien was and remains a resident of Kings County, New York.

26.      At all relevant times, Defendants POLICE OFFICER VAUGHAN ETTIENNE, POLICE OFFICER MARK XYLAS, SHIELD # 11251, and LIEUTENANT BARBARA FISCHER acted in their official capacities and were employees, agents, or servants of Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983 *et seq.*

27.      THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York.  At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

28.     Defendants POLICE OFFICER VAUGHAN ETTIENNE, POLICE OFFICER MARK XYLAS, SHIELD # 11251, and LIEUTENANT BARBARA FISCHER are employees acting within the scope of their employment as officers of the New York City Police Department.

## AS AND FOR A FIRST CLAIM FOR FALSE ARREST PURUSANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS ETTIENNE, XYLAS, & FISCHER

29.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

30.     As described more fully above, on or about July 17, 2014, in the vicinity of 671 Quincy Street, Brooklyn, New York, Defendants Ettienne, Xylas, and Fischer, acting without probable cause, intentionally, without justification, and with deliberate indifference to the rights, life, and liberty of the Plaintiff, falsely arrested the Plaintiff.

31.     As a result of the foregoing, Defendants Ettienne, Xylas, and Fischer, acting under color of state law, violated 42 U.S.C. § 1983 *et seq.*, deprived the Plaintiff of rights secured by the Constitution and laws of the United States, including those rights protected by the Fourth and Fourteenth Amendments, her right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

32.     As a result of the foregoing, the Plaintiff suffered loss of liberty and life, substantial emotional and psychological pain and was otherwise injured.

33.     As a result of the foregoing, Plaintiff demands monetary damages against Defendants Ettienne, Xylas, and Fischer and further seeks punitive damages against Defendants Ettienne, Xylas, and Fischer in an amount to be determined by a jury.

## AS AND FOR A SECOND CLAIM FOR MALICIOUS PROSECUTION
## PURSUANT TO 42 U.S.C. § 1983
## AGAINST DEFENDANTS ETTIENNE, XYLAS, AND FISCHER

34.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35.     As more fully described above, Defendants acted intentionally, maliciously, with reckless disregard for Plaintiff's rights, and without justification or probable cause when they caused bogus criminal charges to be filed against the Plaintiff.

36.     Such charges were ultimately dismissed by the Kings County Criminal Court.

37.     Defendants were aware, and should have been aware, that such criminal charges were false charges and that the Plaintiff had not committed any crime, but nonetheless decided to and did file such criminal charges against the Plaintiff with malice and with a deliberate and reckless disregard to the Plaintiff's rights.

38.     Defendants were deliberately indifferent to Ms. Julien's rights in their failure to properly investigate the circumstances relating to the moped theft and by focusing on Ms. Julien as the only suspect.  Defendants recklessly rushed to pin the theft on Ms. Julien, arrested her, and refused to investigate further.  Defendants refused to listen to the statements of the alleged victim, who stated that the Plaintiff had not committed the crime and did not identify the Plaintiff as the perpetrator.  Defendants completely ignored facts, such as the fact that Ms. Julien had literally just returned from the corner store; and Defendants were otherwise deliberately indifferent to the Plaintiff's constitutional rights.

39.     Defendants disregarded the alleged victim's statement, and with malice and deliberate indifference to the Plaintiff's rights, caused bogus criminal charges to be filed against the Plaintiff.

40.     As a result of the foregoing, Defendants Ettienne, Xylas, and Fischer, acting under color of state law, violated 42 U.S.C. § 1983 *et seq.* and deprived the Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York, including those rights protected by the Fourth and Fourteenth Amendments, her right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

41.     As a result of the foregoing, the Plaintiff suffered loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

42.     As a result of the foregoing, Plaintiff demands monetary damages against Defendants Ettienne, Xylas, and Fischer and further seeks punitive damages against Defendants Ettienne, Xylas, and Fischer in an amount to be determined by jury.

## AS AND FOR A THIRD CLAIM FOR ASSAULT AND BATTERY
## PURSUANT TO 42 U.S.C. § 1983
## AGAINST DEFENDANTS ETTIENNE, XYLAS, AND FISCHER

43.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

44.     Defendants acted intentionally and with deliberate indifference to the rights, life and liberty of Plaintiff by physically attacking, assaulting, and battering Plaintiff without justification or probable cause.

45.     As a result of the foregoing, Defendants Ettienne, Xylas, and Fischer, acting under color of state law, violated 42 U.S.C. § 1983 *et seq.* and deprived the Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York, including those rights protected by the Fourth and Fourteenth Amendments, her right not to be deprived of life,

liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York..

46.     As a result of the foregoing, Plaintiff sustained personal injuries and other consequential damages.

47.     As a result of the foregoing, Plaintiff demands monetary damages against Defendants Ettienne, Xylas, and Fischer and further seeks punitive damages against Defendants Ettienne, Xylas, and Fischer in an amount to be determined by a jury.

## AS AND FOR A FOURTH CLAIM OF FALSE ARREST
## AGAINST ALL DEFENDANTS

48.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

49.     On or about July 17, 2014, Defendants, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned the Plaintiff.

50.     As a result of the foregoing, the Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, lost time from school as a result thereof, and was otherwise injured.

51.     As a result of the foregoing, Plaintiff demands monetary damages against all Defendants and further seeks punitive damages against Defendants Ettienne, Xylas, and Fischer in an amount to be determined by jury.

## AS AND FOR A FIFTH CLAIM FOR MALICIOUS PROSECUTION
### AGAINST ALL DEFENDANTS

52.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

53.     Defendants, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument or otherwise brought criminal charges against the Plaintiff, who was criminally prosecuted therefore until such prosecution was terminated in her favor.

54.     As a result of the foregoing, the Plaintiff suffered loss of liberty and life, substantial emotional, mental and psychological pain, missed days at work for which she received no pay, and was otherwise injured.

55.     As a result of the foregoing, Plaintiff demands monetary damages against all Defendants and further seeks punitive damages against Defendants Ettienne, Xylas, and Fischer in an amount to be determined by jury.

## AS AND FOR A SIXTH CLAIM FOR ASSAULT AND BATTERY
### AGAINST ALL DEFENDNATS

56.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

57.     Defendants Ettienne, Xylas, and Fischer acted intentionally and with deliberate indifference to the rights, life and liberty of Plaintiff by physically attacking, assaulting, and battering Plaintiff without justification or probable cause.

58.     On or about July 17, 2014, Defendants intentionally placed Plaintiff Ebonique Julien in apprehension of imminent harmful contact.

59.     As described more fully herein, Defendants, in a hostile manner, and without the consent of Plaintiff, intentionally caused harmful bodily contact with Plaintiff Ebonique Julien.

60.     As a result of the foregoing, Plaintiff suffered grievous bodily harm, substantial physical, mental, emotional and psychological pain, and was otherwise injured.

## AS AND FOR A SEVENTH CLAIM FOR NEGLIGENT HIRING, TRAINING, AND RETENTION AGAINST DEFENDANT THE CITY OF NEW YORK

61.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

62.     The aforementioned occurrence took place by reason of the negligence of Defendant the City of New York, its agents, servants and/or employees, including various police officers regarding the hiring, retention, supervision and disciplining of the Defendants Ettienne, Xylas, and Fischer.

63.     As a result of the foregoing, the Plaintiff sustained serious personal injuries and other consequential damages.

64.     As a result of the foregoing, Plaintiff demands monetary damages against Defendant the City of New York in an amount to be determined by a jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

      a. Compensatory damages;

      b. Punitive damages against Defendants Ettienne, Xylas, and Fischer;

      c. Convening and empaneling of a jury to consider the merits of the claims herein;

      d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
November 20, 2015

Giordano Law Offices PLLC

By: _____
Carmen S. Giordano, Esq.
**Attorneys for Plaintiff**
226 Lenox Avenue
New York, NY 10027
(212) 406-9466